# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| ROBERT ADKISON, JR., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 5:09-cv-263 |
| | : | |
| v. | : | PROCEEDINGS UNDER |
| | : | 42 U.S.C. § 1983 |
| HALE BURNSIDE et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### *ORDER ON UNITED STATES MAGISTRATE JUDGE'S ORDER AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Order and Recommendation [Doc. 23] that the above-captioned case be dismissed with prejudice for Plaintiff's failure to prosecute this action. Plaintiff filed Objections to the Recommendation asking this Court not to dismiss his case and to appoint him counsel [Docs. 24 and 25]. Upon review of the Recommendation, the Objections, and the relevant law, the Court finds that dismissal of Plaintiff's claims for failure to prosecute is improper. However, after considering Defendant's Motion seeking dismissal on its merits [Doc. 18], the Court concludes that the action should be dismissed on the merits for Plaintiff's failure to state a claim. Thus, Defendant's Motion to Dismiss Complaint [Doc. 18] is **GRANTED**, and all other pending motions are denied as moot.

### *BACKGROUND*

Plaintiff, a former inmate at Men's State Prison, filed his *pro se* civil rights

complaint under 42 U.S.C. § 1983 alleging, among other things, that Dr. Burnside was deliberately indifferent to his serious medical needs after he fell out of his wheelchair on July 22, 2007, and injured his right leg. When he filed his complaint, Plaintiff also filed a motion to appoint counsel [Doc. 3], which the Magistrate Judge denied as premature because responsive pleadings had not been submitted. In considering the validity of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed Plaintiff's claims against the Georgia Department of Corrections, Brian Owens, Alan Adams, and Calvin Ramsey but allowed Plaintiff's deliberate indifferent claims to go forward. [Doc. 10].

Thereafter, on November 17, 2009, Dr. Burnside filed a pre-Answer motion to dismiss Plaintiff's complaint. [Doc. 18]. Two days later, on November 19, 2009, the Magistrate Judge ordered Plaintiff to file a response to the motion on or before December 11, 2009 [Doc. 19]. Having received no response, on December 21, 2009, the Magistrate Judge issued the Recommendation currently before the Court recommending that Plaintiff's complaint be dismissed with prejudice for failure to prosecute [Doc. 23]. Within two weeks, on January 5, 2010, this Court received Plaintiff's objections to the Recommendation asking this Court not to dismiss his complaint and to appoint him counsel [Docs. 24 and 25].

*DISCUSSION*

Dismissal for Failure to Prosecute

The Eleventh Circuit has clearly articulated tests applicable to the dismissal of cases on the basis of failure to prosecute. "A dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1338 (11th Cir. 2005). Both prongs of the standard must be satisfied "because the sanction of dismissal with prejudice is so unsparing . . . and we strive to afford a litigant his or her day in court, if possible." Id. The Eleventh Circuit has cautioned that a dismissal with prejudice is a "drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993). Eleventh Circuit case law "has articulated with crystalline clarity the outer boundary of the district court's discretion in these matters: dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K. Agencies, Ltd., 432 F.3d at 1339 (internal citations omitted).

Here, the Court finds Plaintiff's failure to abide by the Magistrate Judge's Order

3

directing him to respond to Defendant Burnside's pre-answer motion to dismiss does not warrant the extreme sanction of dismissal with prejudice.[1] Plaintiff's failure to respond to the motion does not amount to a clear record of delay or willful contempt. Although the Magistrate Judge's Order warned Plaintiff that his failure to respond may result in the dismissal of his case, the Order also stated that "[i]f no response is submitted by plaintiff, the court will consider said motion to be uncontested." [Doc. 19, p. 2]. Thus, in this case, a "lesser sanction" can better serve the interests of justice: The Court can consider the merits of Dr. Burnside's motion to dismiss as uncontested.

Dismissal for Failure to State a Claim upon which Relief May be Granted

In considering dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must accept the allegations set forth in the complaint as true and construe facts in the light most favorable to the plaintiff. See Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam). The Eleventh Circuit has traditionally held that "[t]he threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." Ancata v. Prison Health Servs., Inc.,

---

[1] The Court also finds dismissing Plaintiff's case *without* prejudice is inappropriate here. Because the two-year statute of limitations applicable to Plaintiff's claim has expired, a dismissal of Plaintiff's lawsuit without prejudice would operate as a dismissal with prejudice. Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (Where a dismissal "has the effect of precluding [plaintiff] from refiling his case due to the running of the statute of limitations [t]he dismissal [is] tantamount to a dismissal with prejudice.").

4

769 F.2d 700, 703 (11th Cir. 1985).

The Supreme Court, however, recently strengthened the motion to dismiss standard, indicating that "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" which requires that the plaintiff plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). As the court noted in Bell Atlantic Corp. v. Twombly, a complaint need not have detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the facts provided must be more than labels and conclusions and "raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007).

Although the Court must afford a *pro se* plaintiff wide latitude when construing his pleadings and papers, see SEC v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992), a *pro se* litigant is not exempt from complying with relevant rules of procedural and substantive law. See Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999); Clark v. Bibb County Bd. of Educ., 174 F. Supp. 2d 1369, 1371 (M.D. Ga. 2001). Specifically, *pro se* pleadings must eventually conform with Rule 8 of the Federal Rules of Civil Procedure or face dismissal. Harris v. Ostrout, 65 F.3d 912, 915 n.3 (11th Cir. 1995) (upholding refusal to allow claimant to re-plead without showing of "extraordinary circumstances" after

5

third amended complaint failed to cure earlier deficiencies).

In his complaint, Plaintiff alleges that after his fall on July 27, he reported to medical the next day and received a "perfunctory evaluation" by Dr. Goel. Plaintiff claims that after he submitted repeated sick call requests, Dr. Burnside examined him on August 7, 2007. Plaintiff admits that upon examination, Dr. Burnside ordered Plaintiff pain medication and referred him to the Oconee Regional Hospital emergency room on that same day for further evaluation and treatment. At the hospital, Plaintiff's x-rays and sonograms revealed that he had a broken femur and blood clots. Upon Plaintiff's return to Men's State Prison, he complained about the medical staff's failure to monitor his clotting factors and other issues. He was then transferred to Augusta State Medical Prison.

A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" in order to state a claim. Iqbal, 129 S. Ct. at 1949. Plaintiff's complaint does not. Plaintiff's allegations, coupled with the complete absence of any allegation of wanton or intentional delay or denial in Dr. Burnside's provision of medical treatment to Plaintiff, warrants dismissal of this action.

To establish deliberate indifference, the plaintiff must show three things: 1) that the government official had subjective knowledge of a risk of serious harm; 2) that the government official disregarded the risk; and 3) that the government official did so by

conduct that is more than gross negligence. See Blanchard v. White County Detention Ctr. Staff, 262 F. App'x 959, 963 (11th Cir. 2008). In Estelle v. Gamble, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97 (1976).

In this case, based upon Plaintiff's allegations, it is clear that even if Plaintiff has demonstrated that he had a serious medical need, he has failed to sufficiently allege that Dr. Burnside disregarded this risk. On the contrary, by Plaintiff's own admission, Dr. Burnside examined him for the first time on August 7 and immediately sent him to the hospital for further evaluation. Under these circumstances, Dr. Burnside's conduct cannot even be characterized as negligence. Even if his conduct could be construed to amount to negligence, negligence does not amount to deliberate indifference. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (concluding that a § 1983 claim does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment received in prison, even if treatment is so negligent as to amount to medical malpractice).

## CONCLUSION

For the reasons set forth above, Plaintiff has failed to sufficiently state a claim upon which relief may be granted. Accordingly, the Court hereby **GRANTS** Dr.

Burnside's Motion to Dismiss [Doc. 18] and denies all other pending motions as moot.

**SO ORDERED**, this 14th day of June, 2010.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT


SSH/apg